UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **In re:** Philip C. Brantley, et al | : | Case No. 1:16-bk-12458 |
| Debtor in Possession | : | |
| | : | **Chapter 13** |
| Vs. | : | **Judge Hopkins** |
| **Tracey Winkler, Clerk of** | : | |
| **Courts; Statutory Agent, Hamilton** | : | **DEBTOR'S MOTION FOR** |
| **County** | : | **PRELIMINARY INJUNCTION** |
| **Sheriff Jim Nei, Hamiton County:** | | |
| **Statutory Agent;** | | |
| **Citi Group, Citi Mortgage, el, al** | | |
| **Michael L. Cobart, Individually in Person:** | | |
| **Grayton Head and Richey** | | |
| **Manley Deas and Kochalski** | | |

### Motion For Preliminary Injunction

  Pursuant to Rule 65 of the Federal Rules of Civil Procedure (FDRC), Debtors 'file this Motion for a Preliminary Injunction to enjoin Defendandant pending the outcome of this litigation, individually and Collectively as follows by Enjoining, as follows:

  1. Defendants' enforcement of his automatic stay authority, pursuant to the timely filed action; prior to the sell and void auction of my property on June 30 , 2016;

  2. Cease and Desisting all further litigious activity on any and all other Court cases in this Jurisdiction or Court of Common Pleas;

  3. The Confirmation of this plan; with the Consent of the Trustee;

### STATEEMENT OF THE CASE

  The Debtors in possession have been in negotiations and litigation around the principle issue of this Trust. I have been in local Common Pleas Courts, in Bankruptcy Court and General Federal Court; all based on the same basic issue my home.

  Although there are several cases in action, the essence of the lawsuit is that the Defendant claims that the true Party of Interest has not been established, nor has the Defendant's established jurisdiction of the subject matter or established in rem jurisdiction, on the record.

This Plaintiff in possession believes Defendants have breached the contract of the real property and may have intentionally violated the "Automatic Stay"; based on the timely filing of this action.

This complaint will be filed and request that a temporary restraining order. This Plaintiff in possession request that due the exigent circumstances be heard and granted '**ex parte**"based on the timeliness; being that time is of the essence; due to the actual set out date of September, 2016.

## LAW AND ANALYSIS

A Court must decide whether to grant a preliminary injunction, a court must look at four factors: 1 whether there is a substantial like lihood that the plaintiff will prevail on the merits; 2) whether the plaintiff will suffer irreparable injury if the inaction is not granted; 3) whether third parties will be unjustifiably harmed if the injunctions granted and 4) whether the public interest will be served by the injunction. 152 Ohio App. 3d 86, 2003-Ohio-1074Para36(7th Dist.).

The party seeking the preliminary injunciton must establish a right to the injunction by showing a clear and convincing evidence of each element of the claim. VanGuard Transp. Sys. Inc. v. Edwards Tramsfera amd Storage Cp/. Gem/ Cp,,pdotoes Dov/. 109 Ohio App 3d. 786. 790 (10 Dist. 1996). No one factor is mandatorily dispositive. When there is a strong likelihood of success on the merits, preliminary injective relief may be justified even though the Plaintiff's case of irreparable injury may be weak. Clevelain v Cleland Elec. Illum. Co. 115 Ohio App. 3d 1, 14 (8th Dist. 1996)

The Plaintiffs's likelihood of success on the merits here depend on their ability to prove the defendants have proceeded to foreclose on my property when they had actual or constructive note of my intent to file this Bankruptcy Acton. The Defendant had actual knowledge when I delivered a copy of my Bankruptcy filing

Putting aside, for now , the element of damages or sanction, if the plaintiff can show that the defendants intentionally, negligently our in collusion did conspire to avoid the notice of my "automatic stay; Plaintiff likely to succeed on the merits

To the extent that defendants claim, the alleged mortgagor or assignee did not know that this Plaintiff was under the Protection of the Bankruptcy Stay pursuant to 11USC sect. 362 and is eligible for discharge under 11 USC section 1328.

Since the filing of a Bankruptcy the automatic stay is an oxymoron and axiomatic. The Defendants were notified by the prior hearing in Federal Court, The Clerk's Office by notification and the Sheriff had copy delivered to their general offices and the Attorney of Records' in Common Pleas were emailed and hand delivered a copy; yet no one or no Branch on the Judicial System has recognized or respected my Constitutional Right to the Relieve guaranteed under these protections.

My home, guaranteed, under the U.S. Constitution is guarantee; that I shall not be deprived of property without due process.

This Plaintiff has a history of appearing and attempting to respond to all allegations; yet; Defendants' have not appeared and The Federal Cort Clerk's Office has never notified this Plaintiff of some proceedings.

If this Plaintiff had not appeared; how would this Court, system dealt with my absence or failure to appear.

The facts are clear:

a. Plaintiff filed a timely and potentially, eligible Chapter 13 Plan;

b. The filing absolutely shall provide this Plaintiff an "automatic stay of any and all actions…." Pending the disposition of this protection; pursuant to the Bankruptcy |Act;

c. At present, this Plaintiff has not received the protection, has paid the agreed amount of his proposed plan, continued to cure his administrative plan errors; and remained in communication with all relevant parties of these Bankruptcy proceedings.

To be entitled to preliminary injunctive relief the Plaintiffs also must show that they have an adequate remedy at law because their damages will be irreparable without an injunction. That requirement is met because re property is unique.

These Plaintiff' have the American Dream; a home; filled with memories and family. Not speaking of the intrinsic values inherently due to home ownership and neighborhood stability.

If the preliminary injunction is denied the defendant cannot be made whole by compensation. This Court setting in equity and with the law can be less exact about the strength of proof or the inadequacy of money dames where the likelihood of success on the merits of the claim is great and failure to enjoin the defendants would eliminate the possibility of an equitable remedy.

Finally, there is no basis to believe that any of the defendants will be unjustifiably harmed or that the public interest will not be served if the injunction is granted. As for the Defendant preserving the status quo and rescinding the void "Sheriff's Sale" and the subsequent "Sheriff's Set Out" of this Plaintiff in Possession none of them would be impaired by the continuation of the status quo for some additional time to them; but the taking of my home, my residence and my memories; which Plaintiff continues to fight vigorously to protect and defend for my wife and family.

## PRELIMINARY INJUNCTION

**WHEREFORE, these Defendants** pray this Court an emergency ex parte preliminary injunction that prohibits and restrains all parities individually, collectively or in any collusion, until further order of this Court

1. From doing anything in furtherance of a Sheriff's set out; **Schedule for September 16 2016**

2. To attempt to further encumber this real property, as previously described;

3. To order that this amended plan be affirmed;

4. That plan payment be allowed, pursuant to the confirmation of this amended plan;

5 That all actions on all other cases, immediately be order to cease and desist;

6. That all defendants are also enjoined for discounting and /or interfering with this Plaintiffs' right to enjoy this real property.

_____
Philip Cary Brantley UCC 1-308


### CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing was served on all parties of record by regular mail this 1th day of September, 2016.


GRAYDON HEAD & RITCHEY LLP
511 WALNUT STREET
CINCINNATI, OHIO 45202

Respectfully submitted,

_____
Philip Cary Brantley
11948 Gaylord Ave.
Cincinnati, Ohio 45240

Manley Deas and Kochalski

PO BOX 165028

Columbus, Ohio 43216-5028

United States Bankruptcy Court
Southern District of Ohio

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 06/30/2016 at 10:36 AM and filed on 06/30/2016.

**Philip Cary Brantley**
11948 Gaylord Drive
Cincinnati, OH 45240
SSN / ITIN: xxx-xx-8350



The bankruptcy trustee is:

**Margaret A Burks**
600 Vine Street
Suite 2200
Cincinnati, OH 45202
513 621-4488

The case was assigned case number 1:16-bk-12458 to Judge Jeffery P. Hopkins.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.ohsb.uscourts.gov/ or at the Clerk's Office, 221 East Fourth Street, Suite 800, Cincinnati, OH 45202-4133.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Kenneth Jordan
Clerk, U.S. Bankruptcy Court**