**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Jeffery P. Hopkins
United States Bankruptcy Judge

**Dated: November 18, 2016**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | : | |
| | : | |
| **PHILLIP CARY BRANTLEY** | : | Case No. 16-12458 |
| | : | |
| **RAENSHA RAMONE STOREY** | : | Case No. 16-13541 |
| | : | |
| **GEWNDOLYN BIBBS** | : | Case No. 16-13552 |
| | : | |
| **CELESTE M. SIMMONS** | : | Case No. 16-13810 |

　　　　　　Debtors

### ORDER DIRECTING LORIN BUCKNER TO APPEAR AND SHOW CAUSE

This matter is before the Court on its own motion pursuant to 11 U.S.C. §105(a).

Lorin Buckner is **ORDERED** to appear and **SHOW CAUSE:**

1. Why he or any officer, principal, responsible person, or partner of entity with whom he associates has not complied with the provisions of 11 U.S.C. §110;

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

2. Why he or any officer, principal, responsible person, or partner of entity with whom he associates should not be referred to United States Department of Justice, Office of the United States Trustee's for further investigation and a determination of whether the provisions of 11 U.S.C. §110 or any other laws of the United States, either civil or criminal, have been violated; and,

3. Why he or any officer, principal, responsible person, or partner of entity with whom he associates should not be referred to the Cincinnati Bar Association for further investigation and a determination of whether he or his associates have been engaged in the unauthorized practice of law in this State in contravention of the Ohio Constitution and Ohio Revised Code. *See* OH Const. art. IV, § 2 and R.C. § 4705.01.

Procedural Posture

On information and belief, it appears that Mr. Lorin Buckner for compensation has prepared petitions for debtors and that said documents have been filed by debtors in the U.S. Bankruptcy Court for the Sothern District of Ohio in connection with a case under Title 11.[1]

---

[1] In addition to his involvement in the cases discussed below, it appears that Lorin Buckner prepared petitions for debtors in two additional cases: *In re Melissa Asher*, Case No. 16-14285 and *In re Margie Ferguson*, Case No. 16-14284. Both cases were filed on November 16, 2016. It also appears that Lorin Buckner has opened his own bankruptcy proceeding: *In re Lorin Buckner*, Case No. 16-13982 filed on October 26, 2016.

3

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

On information and belief, it further appears that Lorin Buckner, on behalf of debtors, has prepared and filed other documents in connection with cases filed under Title 11 in the U.S. Bankruptcy Court for the Sothern District of Ohio, including adversary complaints, motions and memoranda, legal briefs, and notices of appeal among other pleadings.

On information and belief, it also appears that Lorin Buckner has engaged in conduct which qualifies him as a petition preparer and which is covered under the provisions of 11 U.S.C. §110(a)(1) and (2).

Lastly, on information and belief, Lorin Buckner is not an attorney licensed to practice law in the state of Ohio or any other state. However, it appears that Lorin Buckner has been engaged in conduct which constitutes the unauthorized practice of law in this State, to wit: Lorin Buckner has given legal advice to debtors, and prepared and filed documents in connection with cases filed under Title 11 in the U.S. Bankruptcy Court for the Sothern District of Ohio, on behalf of debtors.

Summary of the Allegations

*In re Phillip Brantley*, Case No. 16-12458

In *In re Phillip Brantley*, Case No. 16-12458 (hereinafter referred to as "*In re Brantley*"), on information and belief, it appears that Lorin Buckner, for compensation, prepared the petition and caused that document to be filed with the Clerk which commenced a case under Title 11 in the U.S. Bankruptcy Court for the Sothern District of

4

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

Ohio on behalf of the Debtor.

It further appears that said petition was filed in order to delay a scheduled sheriff's sale of the Debtor Phillip Brantley's principle residence.

It also appears that Lorin Buckner filed a Motion for Preliminary Injunction Ex Parte Petition and Stay of Execution of Debtor Phillip Brantley (Docs 35 and 36). The Motion for Preliminary Injunction Ex Parte Petition and Stay of Execution requested that the Court set an expedited *ex parte* hearing.

Both motions contain certificates of service which state that Lorin Buckner delivered them to the law firm, Graydon Head and Ritchey. The certificate of service reads as follows:

> "I, Lorin Buckner, over the age of 18 and not a party to the action, did hand delivered of document tilted *Debtor's Motion for Preliminary Injunction Ex-parte Petition and Stay of Execution* Grayton Head and Richey on September 21, 2016. If called upon I will testify to this fact."

The certificate of service is signed by Lorin Buckner and lists his address at 9078 Union Center Blvd., West Chest, Ohio.

The Court later entered an order denying the Debtor Phillip Brantley's Motion for Preliminary Injunction (Doc 37).

The Debtor Phillip Brantley appealed the Court's Order (Doc 38). On information and belief, it further appears that Lorin Buckner has continued his involvement in the Debtor Phillip Brantley's case by filing the notice of appeal and by paying the fees associated with the appeal to the Clerk of the United States Bankruptcy Court for the

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

Sothern District of Ohio at the Cincinnati location (Doc 38).

Subsequently, on September 27, 2016, the Debtor Phillip Brantley instituted an adversary proceeding which, on information and belief, appears to have been filed by or prepared with substantial assistance from Lorin Buckner (Doc 43). The Debtor Phillip Brantley also filed a Motion for a Temporary Restraining Order, but has failed to further prosecute that motion (Adversary Case No 16-1058, Doc 2).

Presently, the Debtor Phillip Brantley's case is in dire straits. On August 30, 2016 the chapter 13 Trustee ("Trustee") filed a Motion to Dismiss Debtor for Debtor's Failure to Make Plan Payments (Doc 20). Without a response to the motion, the Court entered an order granting the Trustee's motion and the case has been dismissed (Doc 48).

*In re Raenesha Ramone Storey*, Case No. 16-13541

In *In re Raenesha Ramone Storey*, Case No. 16-13541 (hereinafter referred to as "*In re Storey*"), on information and belief, it appears that, on September 20, 2106, Lorin Buckner, for compensation, prepared a skeletal petition and caused that document to be filed with the Clerk which commenced a case under Title 11 in the U.S. Bankruptcy Court for the Sothern District of Ohio.

The petition did not contain Schedules and a Deficiency Notice was entered by the Court (Doc 6). Based on Debtor Raenesha Ramone Storey's failure to file the Schedules, the case is ripe for dismissal. The Trustee has also filed a Motion to Dismiss and has requested, pursuant to §109(g), that the Court impose a two-year bar against permitting

6

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

the Debtor Raenesha Ramone Storey from being able to file another bankruptcy petition (Doc 15). The Trustee indicated that the Debtor Raenesha Ramone Storey failed to attend the 341 meeting of creditors. The Trustee has not recommended the case for confirmation (Doc 16).

The Debtor Raenesha Ramone Storey's response to the Trustee's motion suggests that she was persuaded to commence a bankruptcy case at the behest of an unnamed company or by an unnamed individual who promised to provide her with assistance in prosecuting her bankruptcy case (Doc. 17).

A hearing on the Trustee's Motion to Dismiss has been set for November 22, 2016 at 2:00 PM (Doc 18).

*In re Gwendolyn Bibbs,* Case No. 16-13552

In *In re Gwendolyn Bibbs*, Case No.16-13552 (hereinafter referred to as "*In re Bibbs*"), on information and belief, it appears that, on September 21, 2016, Lorin Buckner, for compensation, prepared and filed a skeletal petition and caused that document to be filed with the Clerk which commenced a case under Title 11 in the U.S. Bankruptcy Court for the Sothern District of Ohio. The Debtor Gwendolyn Bibb's case has followed a similar pattern as the proceedings in *In re Storey*.

Similar to *In re Storey*, the Trustee in the instant case also filed a Motion to Dismiss the Case for a Failure to File Documents (Doc 15). There has not been a response on behalf of the Debtor Gwendolyn Bibbs to the Trustee's dismissal motion. It appears that

7

Case 1:16-bk-12458    Doc 51    Filed 11/18/16    Entered 11/18/16 14:10:30    Desc Main
Document      Page 7 of 13

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

the Debtor Gwendolyn Bibbs attended the 341 meeting of creditors. However, the Trustee has listed no fewer than twenty-three items which are needed for the 341 meeting to proceed and be completed. The Trustee has not recommended the case for confirmation (Doc 18). The Debtor Gwendolyn Bibbs also instituted an adversary proceeding nearly identical to the proceeding in *In re Brantley*, referenced above (Doc 16).

Similar to *In re Brantley*, without a response to the Trustee's dismissal motion, the Court entered an order granting the motion and the case has been dismissed (Doc 48).

*In re Celeste M. Simmons*, Case No. _16-13810._

In *In re Celeste M. Simmons*, Case No. 16-13810, on information and belief, it appears that, on October 11, 2016, Lorin Buckner or an unknown associate of Lorin Buckner or Lorin Buckner, for compensation, prepared and filed a skeletal petition and caused that document to be filed with the Clerk which commenced a case under Title 11 in the U.S. Bankruptcy Court for the Sothern District of Ohio.

Like the previous cases, the Court issued a Deficiency Order (Doc 7). In addition, the chapter 13 Trustee filed a Motion to Dismiss for Failure to File Documents (Doc 14).

With the exception of *In re Brantley*, the other three cases referred to in this order were all filed with an accompanying Applications to File the Filling Fee in Installments and with a payment for the first installment. In both *In re Brantley* and *In re Bibbs*, adversary proceedings have also been instituted seeking "Declaratory Judgement of Verification of Debt". Both complaints are eerily similar to one another. Not only are both complaints

8

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

formatted in similar fashion, but they also cite to identical case law, contain some of the same sentences and paragraphs, and they even state the exact same conclusion. The conclusion in both complaints reads as follows:

> "Much like making payments for a stolen vehicle, under Ohio Commercial code, the Debtor is entitled to demand proof of ownership of the Note and or/written authority from the boni fide holder [sic] in due course from the Defendant" (Doc.1).

The *In re Brantley* and *In re Bibbs* cases have both been dismissed, resulting in the Debtors no longer enjoying the protections provided by bankruptcy laws. *In re Storey* and *In re Simmons* are in serious jeopardy of being dismissed. If dismissed, any future bankruptcy cases filed by any of these Debtors seeking relief from creditors will be negatively impacted and may result in the Debtors being unable to obtain relief under the bankruptcy laws.

## The Law

### Bankruptcy Petition Preparers

11 U.S.C. §110(a) states that "bankruptcy petition preparer" means a person, other than an attorney for the debtor or any employee of such attorney, who prepares for compensation a document for filing." Courts have broadly applied this definition to include any number of persons or businesses, including an individual who sold a publication entitled "Do it Yourself Bankruptcy" and later prepared petitions for purchasers, and a foreclosure consultant who, for a fee, assisted debtors in preparing skeletal petitions in order to delay foreclosure proceedings. *In re Pillott*, 286 B.R. 157 (Bankr. C. D. Cal. 2002);

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

*In re Crowe*, 243 B.R. 43 (B.A.P. 9th 2000); *In re Ali*, 203 B.R. 477 (Bankr. E.D.N.Y. 1999).

Before preparing any document for filing or accepting any fees from the debtor, the statute, among other items, mandates that a bankruptcy petition preparer provide the debtor with a written notice on the official form prescribed by the Judicial Conference of the United States informing the debtor that the bankruptcy petition preparer is not an attorney and may not practice law or give legal advice. 11 U.S.C. § 110 (b)(2)(A). The statute also requires that a notice signed by the debtor and, under penalty of perjury, by the preparer, be filed with any documents filed with the bankruptcy court. *Id.* Any document prepared by a bankruptcy petition preparer also must include the signature of the bankruptcy petition preparer and an identifying number, which is the Social Security account number of the individual who prepared the document or assisted in its preparation, or the Social Security account number of the officer, principal, responsible person, or partner of the petition preparer. 11 U.S.C. § 110(c)(1)-(2).

Courts have found petition preparers to have given legal advice when a preparer has advised debtors in connection with which chapter to file the petition under, the election of state exemptions, requests to pay filing fees in installments or obtaining waivers, characterizing debts as unsecured or secured, or discussing the effects of the discharge. *In re Monson*, 522 B.R. 340 (Bankr. D. Utah 2014); *In re Martin*, 424 B.R. 496 (Bankr. N.D. N.M. 2010). When a petition preparer fails to include identifying information on all forms prepared on the debtor's behalf, the preparer violates his obligations under 11 U.S.C §110(b)(2)(A). *In re Monson*, 522 B.R. 340, 347.

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

A bankruptcy petition preparer is not permitted to "collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition. 11 U.S.C § 110(g). This subsection was enacted to prevent preparers from "filing the petition without the debtor's authorization, influencing the debtor's decisions about whether and when to file, misrepresenting the filing fees to the debtor, or misappropriating filing fees collected from the debtor." *In re Jones*, 227 B.R. 704 (Bankr. S.D. Ind. 1988) *citing* Collier on Bankruptcy, 2-1100 Collier on Bankruptcy ¶ *Isolation from Court Fees;* 110(g).

11 U.S.C. § 110 imposes heavy fines on persons who fail to adhere to the strict requirements of the statute. If, after notice and a hearing, a court finds that a bankruptcy petition preparer violated any of the provisions of 11 U.S.C. § 110 or committed acts it finds to be "fraudulent, unfair, or deceptive", the court may order the preparer to pay the debtor damages. 11 U.S.C. §110(I)(1). A court may also direct the bankruptcy petition preparer to pay reasonable attorney fees to the party who brought the action regarding the bankruptcy petition preparer's conduct. 11 U.S.C. § 101 (i)(1)(c), (1)(2), (j)(4). Finally, a court can enjoin a preparer from engaging in conduct found to be "fraudulent, unfair, or deceptive." 11 U.S.C. § 110 (I)(2)(A)(iii).[2]

---

[2] 11 U.S.C § 110 (l)(1) and (2) provide stiff monetary fines for petition preparers who violate the statute. That section read as follows:

A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for **each** such failure.

11

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

Unauthorized Practice of Law

The Ohio Supreme Court regulates the conduct of attorneys and likewise administers cases when bar associations across the state levy charges based on the unauthorized practice of law against individuals accused of violating the law. *See* OH CONST. art. IV, § 2. The unauthorized practice of law consists of rendering services for another by any person not admitted to practice in Ohio. The practice of law includes advising others of their legal rights and responsibilities and preparing pleadings and other legal papers. *Disciplinary Counsel v. Brown,* 905 N.E.2d 163,171 (Ohio 2009). The unauthorized practice of law is also codified at R.C. § 4705.01, which provides:

> "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order to the supreme court in compliance with its prescribed and published rules."

The Supreme Court of Ohio has found at least one bankruptcy petition preparer to have stepped over the line and engaged in the practice of law. In *Cleveland Bar Assn. v.*

---

(2) The court shall **triple** the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer—

**(A)** advised the debtor to exclude assets or income that should have been included on applicable schedules;
**(B)** advised the debtor to use a false Social Security account number;
**(C)** failed to inform the debtor that the debtor was filing for relief under this title; or
**(D)** prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

12

Case No. 16-12458  
Case No. 16-13541  
Case No. 16-13552  
Case No. 16-13810  

*Baron,* 834 N.E.2d 343 (Ohio 2005), the Court determined that the petition preparer had accepted fees for providing legal services. In that case, the petition preparer had recommended that a debtor proceed under a chapter 13 rather than a chapter 7. The petition preparer had also failed to comply with many of the requirements established under 11 U.S.C. § 110. Based on the facts in that case, the Ohio Supreme Court held that the petition preparer had engaged in the unauthorized practice of law and enjoined her from doing so in the future.

## Conclusion

It appears to the Court that Lorin Buckner has engaged in conduct as a bankruptcy petition preparer without following the requirements under 11 U.S.C. §110. It also appears to the Court that Lorin Buckner has been engaged in conduct which constitutes the unauthorized practice of law in this State.

Based on the forgoing, Lorin Buckner is **ORDERED** to appear before the Court on **December 1, 2016 at 2:00 PM** before the Honorable Jeffery P. Hopkins, U.S. Bankruptcy Judge, in Suite # 816, Courtroom # 2, Atrium Two, 221 East Fourth Street, Cincinnati, Ohio, to **SHOW CAUSE** as, heretofore, directed in Paragraph One of this order.

The Court also **DIRECTS** the United States Trustee to appear at the **SHOW CAUSE** hearing for Lorin Buckner. Within **THIRTY (30) DAYS** of this Order, the United States Trustee is also **DIRECTED** to file a report with this Court stating whether that office, pursuant to 11 U.S.C. §110 (j), intends to bring a civil action to enjoin Lorin Buckner and

Case No. 16-12458
Case No. 16-13541
Case No. 16-13552
Case No. 16-13810

any officer, principal, responsible person, or partner of entity with whom he associates from engaging in conduct in violation of the bankruptcy laws or from further acting as a bankruptcy petition preparer in these or any other cases.

IT IS SO ORDERED

Copies to:

Default List
Additional Parties:
Monica V. Kindt
Office of the United States Trustee
36 East Seventh Street
Suite 2030
Cincinnati, Ohio 45202

###